**TE`O J. FUAVAI, Claimant**

**v.**

**LAUMOLI SASA, Counter-claimant**

---

**In *re* the Matai Title "OLOMUA" of the village of Aoa.**

---

High Court of American Samoa
Land and Titles Division

MT No. 07-93

October 31, 1994

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, VAIVAO Associate Judge, LOGOAI Associate Judge and ATIULAGI, Associate Judge.

Counsel: For Claimant, Albert Mailo
 For Counter-claimant, Asaua Fuimaono

On January 9, 1992, Te`o J. Fuavai (hereafter "Te`o") filed his

20

application with Territorial Registrar to register the matai title "Olomua" from the village of Aoa. Laumoli Sasa (hereafter "Sasa") objected and sought succession to the title himself. There being no resolution to the dispute before the Office of Samoan Affairs, the matter was referred to the Land and Titles Division.

In matai title disputes, the Court is guided by the four criteria set out in A.S.C.A. § 1.0409(c): (1) best hereditary right; (2) the wish of the majority or plurality of the clans in the family as customary in that family; (3) forcefulness, character and personality, and knowledge of Samoan customs; and, (4) value to the family, village, and country.

## FINDINGS

### 1. *Hereditary Right*

On this consideration we find that both candidates are heirs to the title Olomua. Both candidates trace descent to Olomua Aipouliuli; we find Laumoli's degree of hereditary right to be 1/16th and Te`o's to be 1/32. Laumoli prevails on this criterion, being one generation ahead of Te`o.

### 2. *Wish of the Clans*

Although each party has named multiple clans in their answers to questionnaires filed in this matter, neither has been able to satisfactorily explain the basis of his claim. We find on the preponderance of the evidence that the original titleholder was Olomua Aipouliuli. According to the genealogies of both candidates, this Olomua appears to have had only one issue. In the traditions of Te`o's side of the family, she was known as Teuaililo, while in Laumoli's family history, she was known as Tailevasa. This tends to suggest that the Olomua family is not a multiple clan family, and we so find.

With regard to the wish of the family on a successive titleholder, we find that the Olomua family did not meet on the matter prior to the title being offered for registration and had not, therefore, had the opportunity to address the issue of appointing a matai successor. Rather, what we see here on the evidence is a recurring practice that we have noticed with other family disputes, where an impatient family faction imposes, rather fruitlessly, its own agenda to wrest matai pule for itself by presenting the kava cup to one of its own, and thereby inciting a reaction from yet another faction to offer the family's matai title for registration, before the family even convenes to address the issue of matai succession. Subsequent

21

family meetings are then seldom conciliatory. We find that neither party has been able to demonstrate a majority of clan support.

### 3. Forcefulness, Character and Personality, and Knowledge of Samoan Customs

In our assessment of the parties, we rank both candidates equal with respect to their knowledge of Samoan customs. As to forcefulness, character and personality, we find both candidates to be rather forceful personalities; however, we find candidate Laumoli to be forceful to a fault. As an untitled person, he has unilaterally attempted to assume matai control within the family; he asserted pule over family lands, unlawfully destroyed plantations of another Olomua family member whom he thought was undeserving, and called family meetings on the premise that he and others, referred to equivocally as the "aiga tau maota," were exclusively entitled to convene family gatherings to select a matai. These are hardly actions that demonstrate the leadership necessary to promote peace and harmony within the family.

Te`o's forcefulness, on the other hand, has demonstrated the sort of leadership quality that has made him an important member of the community. From humble beginnings as a clerk with the Customs Division, he has risen to such leadership positions as Speaker of the House of Representatives, Commissioner of Public Safety, Director of Public Works, and delegate for his county to a number of the territory's constitutional conventions; he has participated on a host of other government and public agencies. In addition to an active life of public service, Te`o has also maintained a small family business. At the same time, he has been a leading matai within the Aoa village council, as the Te`o titleholder, for twenty-six years, and has thus enjoyed the sort of deference accorded to matai of many years standing and visibility within the community. We find that Te`o prevails on this consideration.

### 4. Value to Family, Village, and Country

Laumoli has spent most of his life in the ministry of the church and his vocation has principally taken him off-island. Although we do not marginalize the importance of an ecclesiastical career and the revered role of the pastor in Samoan society, the secular role which Laumoli now seeks is one in which Te`o has undeniably had the greater experience. Te`o has naturally had more involvement with family, village, and government affairs. The evidence shows that as a government leader, Te`o has been able to voice the concerns of both his village and county councils in the

22

policy making process of the territory; he has also been able to effectively ensure that Aoa and the other adjacent North Shore villages acquired their fair share of ongoing government capital improvement projects relating to roads, erosion conservation, schools, water, and street lighting. As a ranking matai, Te`o has for many years been able to voice his family's concerns within both the village and county councils. In short, he can point to better rapport with village, county, and government officials; he can thus point to a track record for more effective service to the family, village, and country. We rate Te`o ahead of Laumoli on this consideration.

## CONCLUSIONS

Based on the foregoing, we conclude that Te`o J. Fuavai is qualified and suited to hold the title Olomua. Although Laumoli prevails over Te`o on the first criterion, Te`o prevails on the third and fourth. In accordance with A.S.C.A. § 1.0409(b), the Territorial Registrar shall, therefore, register the matai title Olomua from the village of Aoa in candidate Te`o J. Fuavai. Consistent with the requirements of A.S.C.A. § 1.0402, the Territorial Registrar shall ensure that Te`o first resigns the matai title Te`o before being registered as the next Olomua titleholder.

It is so ordered.